# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**RODOLFO RODRIGUEZ,**

    **Plaintiff,**

**v.**                                                                                        No. 19-cv-0111 MV/SMV

**AMTRAK, J. PERRY, and C. CHAVEZ,**

    **Defendants.**

## PRO SE PRISONER
## CASE MANAGEMENT ORDER

THIS MATTER is before the Court sua sponte. The Court has received and docketed the civil rights Complaint filed pro se by Plaintiff Rodolfo Rodriguez on February 8, 2019. [Doc. 1]. Plaintiff must include the case number, 19-cv-0111 MV/SMV, on all papers filed in this proceeding.

Plaintiff must comply with the Federal Rules of Civil Procedure, the Local Rules of this Court, and any order of the Court. Failure to comply with the Rules or Court orders may result in dismissal of this case or other sanctions. Fed. R. Civ. P. 41(b); *see Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994). Plaintiff is obligated to keep the Court advised of any changes in Plaintiff's mailing address. Failure to keep the Court informed of Plaintiff's correct address may also result in dismissal of the case or other sanctions. D.N.M.LR-Civ. 83.6.

Because Plaintiff is a prisoner proceeding pro se, the Court is obligated to conduct a preliminary screening of the Complaint. *See* 28 U.S.C. § 1915A (2018). Whenever a prisoner

brings a civil action against government officials, the Court is obligated to screen the prisoner's complaint or petition. 28 U.S.C. § 1915A. Section 1915A states:

> (a) Screening.—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for dismissal.—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a)–(b). The Court has a similar obligation to screen the complaint when a pro se plaintiff is proceeding without prepayment of fees and costs under 28 U.S.C. § 1915(e)(2):

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
> > (A) the allegation of poverty is untrue; or
> > (B) the action or appeal—
> > > (i) is frivolous or malicious;
> > > (ii) fails to state a claim on which relief may be granted; or
> > > (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

Any request to the Court for relief must be in the form of a motion. Fed. R. Civ. P. 7(b). The filing of excessive motions may cause substantial delay in completion of the Court's preliminary screening and resolution of the case. Plaintiff should avoid filing unnecessary motions. Requests for service of process, discovery, and submissions of proof are premature and unavailable prior to the Court's completion of its screening obligation. *See Jones v. Bock*, 549 U.S. 199, 213–14 (2007). If Plaintiff's Complaint is not dismissed on initial screening, the Court will enter further orders governing service of process, discovery, and scheduling, as well ruling on

the pending motions not disposed of by this order. *See* [Docs. 5, 6, 7]. Plaintiff's Motion for Scheduling Pretrial Conferences [Doc. 8] will be denied as premature.

Plaintiff should not send any letters to the Court other than transmittal letters or requests for information or copies. All mail relating to this case must be directed to the Clerk of the Court. Plaintiff is not to send any mail directly to the assigned District Judge or the assigned Magistrate Judge.

Pending before the Court is Plaintiff's Motion for Appointment of Counsel Under the Criminal Justice Act, filed on March 6, 2019, in which Plaintiff reports that he is indigent. [Doc. 4]. United States District Courts lack the authority to appoint counsel to represent indigent prisoners in § 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989); *Rachel v. Troutt*, 820 F.3d 390, 396–97 (10th Cir. 2016). In certain exceptional circumstances, a court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). In deciding whether to request voluntary assistance of counsel, courts should consider "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)). Ultimately, the burden is on the plaintiff "to convince the court that there is sufficient merit to his claim to warrant [a request for voluntary assistance] of counsel." *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (quoting McCarthy v. Weinberg, 753 F.2d 836, 838 (10th Cir. 1985)). At this time, the Court is not convinced that there is sufficient merit or complexity in Plaintiff's claims to warrant requesting the voluntary assistance of counsel. Moreover, thus far, Plaintiff has been adequately presenting his claims.

Also pending before the Court is Plaintiff's Motion for Joining Multi District Litigation Under 28 U.S.C. § 1407 [Doc. 2], filed on February 22, 2019. Plaintiff's Motion does not seek to join any existing multi-district litigation but, instead, in effect requests to consolidate this case with another case Plaintiff has filed in the United States District Court for the Western District of Texas, No. SA 19-CA-0120 FB. [Doc. 2]; [Doc. 3-1] at 7–12. The two cases involve separate incidents and events occurring in different cities and states. *Compare* [Doc. 1] (complaint in the case at bar), *with* [Doc. 3-1] at 7–12 (complaint in case no. SA 19-CA-0120 FB). The Court finds that it is not in the interests of justice to join or consolidate the two proceedings and will deny the Motion for Joining Multi District Litigation [Doc. 2].

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that:

(1) Plaintiff's Motion for Appointment of Counsel [Doc. 4] be **DENIED**;

(2) Plaintiff's Motion for Joining Multi District Litigation Under 28 U.S.C. § 1407 [Doc. 2] be **DENIED**;

(3) ruling on the remaining pending motions [Docs. 5, 6, 7] be **RESERVED** until screening under § 1915 is complete;

(4) this Case Management Order **GOVERN** proceedings in this case until further order of the Court, and

(5) Plaintiff's Motion for Scheduling Pretrial Conferences [Doc. 8] be **DENIED**.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**