# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

RODOLFO RODRIGUEZ,

    Plaintiff,

vs.                                                    No. CV 19-00111 MV/SMV

NATIONAL RAILROAD PASSENGER CORP.
d/b/a AMTRAK, AGENT J. PERRY,
AGENT C. CHAVEZ,

    Defendants.

## MEMORANDUM OPINION AND ORDER STAYING CASE

THIS MATTER is before the Court *sua sponte* on the Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 filed by Plaintiff Rodolfo Rodriguez on February 8, 2019 (Doc. 1) ("Complaint"). The Court will stay the proceedings in this civil case pending final disposition of the criminal charges in *United States of America v. Rodolfo Rodriguez, Jr.,* No. CR18-01568 WJ.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Rodolfo Rodriguez is a pretrial detainee in custody at the Cibola County Detention Center in Milan, New Mexico. (Doc. 1 at 1). Rodriguez is awaiting trial on federal charges of possession with intent to distribute one or more kilograms of heroin in violation of 21 U.S.C. § 841(a)(1). *See United States of America v. Rodolfo Rodriguez, Jr.,* No. CR18-01568 WJ. Rodriguez filed his Complaint on February 8, 2019. (Doc. 1). Also pending before the Court are Plaintiff's Motion for Summary Judgment (Doc. 5), Motion for Preservation of Evidence (Doc. 6), and Motion for Amendment of Complaint (Doc. 7).

In his civil rights Complaint under 42 U.S.C. § 1983, Rodriguez names Amtrak, Agent Perry. and Agent Chavez as Defendants. (Doc. 1 at 1-2). Rodriguez claims that Agent Perry and

Agent Chavez are peace officers, task force, security, or D.E.A. (Doc. 1 at 2). Rodriguez states the nature of his case as follows:

> "In a case that involves an unknown agent that I had 4 different run in with all 4 times I would not let the agent search me, at times I was on the bus or the train. The very last time I was sleeping on the Amtrak coach car when I was waken and asked 2 questions, where is my ticket and I.D. All along Perry & Chaves were standing over me with no badge or marking IDing them. with there hands on there weapons, in civilian clothing and working federal property w/civilians and without Court approval it was intimidating after showing my I.D. I was told to 'get up and raise my hands'. As I started to stand I notice I did not have any witnesses and I could be killed. At this point I reached for my cell phone in hopes I could record my last conversation and this violation of my civil rights and due process but to no avail one agent pulled his weapon and the other cuffed me and kidnaped me never saying you are under arrest or reading my rights."

(Doc. 1 at 2). Rodriguez requests the following relief:

> "Release from custody A.S.A.P. Incarcerate Perry for threats to me via my criminal attorney Jerry Walz and Sam Wise. Pay attorney fee's and $10,000,000.00/xx USD for pain and suffering that is quantified [10X] for each count for a total of 4 counts along with settlement of D.O.J. 2018 against the City of Albuquerque (A.P.D.)"

(Doc. 1 at 5).

## II. RODRIGUEZ'S CLAIMS WILL BE STAYED

Although Rodriguez does not specify the type of constitutional claim that he is asserting, based on his allegations that he was essentially kidnapped by the agents, this Court construes the Complaint as alleging false imprisonment or false arrest in violation of the Fourth Amendment. In *Wallace v. Kato*, the Supreme Court "held that the limitations period begins to run on a § 1983 claim alleging an unlawful arrest [or false imprisonment] under the Fourth Amendment as soon as the arrestee 'becomes detained pursuant to legal process,' not when he is ultimately released." *McDonough v. Smith*, 139 S. Ct. 2149, 2159 (quoting *Wallace v. Kato*, 549 U.S. 384, 397 (2007)).

This is because "[a] false arrest claim has a life independent of an ongoing trial or putative future conviction – it attacks the arrest only to the extent it was without legal process, even if legal process later commences." *McDonough*, 139 S. Ct. at 2159. Thus, in order to avoid timeliness issues, Plaintiff correctly filed the instant action within two years after his alleged false arrest/imprisonment.

As noted above, however, criminal charges are currently pending against Rodriguez based on the evidence discovered during the law enforcement encounter that forms the basis for Rodriguez's instant § 1983 motion. Under these circumstances, where a plaintiff files a false-arrest claim while criminal charges are pending against him, "it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case . . . is ended." *Wallace*, 549 U.S. at 393-94; *see also Heck v. Humphrey*, 512 U.S. 477, 487 n.7 (1994) (noting that "abstention may be an appropriate response to the parallel state-court proceedings"). In keeping with this precedent, the Court will exercise its discretion to stay the instant civil action until the criminal case against Rodriguez has been resolved.[1] *Wallace*, 549 U.S. at 393-94.

### III. PENDING MOTIONS

Pending before the Court are Rodriguez's Motion for Summary Judgment (Doc. 5), Motion for Preservation of Evidence (Doc. 6), and Motion for Amendment of Complaint (Doc. 7). The Court will stay these pending motions until after the criminal case against Rodriguez has been resolved.

---

[1] Rodriguez characterizes his claims as civil rights claims under 42 U.S.C. § 1983. Because the Court is staying the proceedings, the Court reserves ruling on the issue of whether Amtrak is a proper party and the issue of whether Rodriguez's claims are more properly characterized as claims under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388 (1971).

**IT IS THEREFORE ORDERED** that this action and the motions pending therein, namely, Plaintiff's Motion for Summary Judgment (Doc. 5), Motion for Preservation of Evidence (Doc. 6), and Motion for Amendment of Complaint (Doc. 7), are **STAYED** until *United States of America v. Rodriguez,* No. CR18-01568 WJ, is ended.

_____
UNITED STATES DISTRICT JUDGE