IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**RODOLFO RODRIGUEZ,**

    **Plaintiff,**

**v.**                                                                              **No. 19-cv-0111 MV/SMV**

**AMTRAK, J. PERRY, and C. CHAVEZ,**

    **Defendants.**

## ORDER ON CERTAIN PENDING MOTIONS

THIS MATTER is before the Court on Plaintiff's Motion for Service of Process [Doc. 16], Motion to Proceed *in Forma Pauperis* [Doc. 17], and Motion for Impeachment of Witness [Doc. 20]. The Court will deny the Motions as premature and/or moot.

Plaintiff Rodolfo Rodriguez filed his Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 on February 8, 2019 [Doc. 1], urging that his civil rights were violated when he was arrested for the crime(s) charged in *United States of America v. Rodolfo Rodriguez, Jr.*, No. 18-cr-1568 WJ. On September 26, 2019, the Court stayed the proceedings in this civil case pending final disposition of the criminal charges in *United States of America v. Rodolfo Rodriguez, Jr.*, No. 18-cr-1568 WJ. [Doc. 21].

At this time, the charges are still pending in cause No. 18-cr-1568 WJ, a suppression hearing is set for April 14, 2020, and a jury trial is set for May 4, 2020. Plaintiff's Motion for Service of Process [Doc. 16] and Motion for Impeachment of Witness [Doc. 20] are premature until the proceedings in No. 18-cr-1568 WJ are concluded. [Doc. 21] (order staying case). The Court will deny the Motion for Service of Process and Motion for Impeachment of Witness as

premature and without prejudice to renewed motions after the stay of proceedings is lifted in this case.

Plaintiff also filed a Motion to Proceed *in Forma Pauperis* [Doc. 17]. The relief Plaintiff seeks is not entirely clear. His Motion states "[n]ow comes Plaintiff in above entitled civil action case submitting motion to proceed in forma pauperis without prepayment of fees or cost under 28 U.S.C. § 1915." *Id.* at 1. Plaintiff had previously filed a motion seeking leave to proceed *in forma pauperis*, which was granted by the Court. [Doc. 14]. To the extent Plaintiff's Motion again seeks leave to proceed *in forma pauperis*, the Court will deny the motion as unnecessary, duplicative, and moot in light of the fact that the Court has already granted Plaintiff leave to proceed under § 1915. The Court notifies Plaintiff that because he has already been granted and continues to be granted leave to proceed *in forma pauperis*, it is unnecessary for him to file further, duplicative requests.

Plaintiff's Motion to Proceed *in Forma Pauperis* also appears to ask to be relieved of the obligation to make an initial partial payment of $15.76 as ordered by the Court on July 2, 2019. [Doc. 14] at 1. Under the Prison Litigation Reform Act, when a Court grants leave to proceed under § 1915, Plaintiff is excused from **prepaying** the filing fee; he is still required to make installment payments until the full amount of the filing fee is paid. § 1915(b)(2). Accordingly, Plaintiff is required to make monthly payments of 20% of the preceding month's income credited to his prisoner account whenever the amount in the account exceeds $10. *Id.* The Court, mandatorily, must assess and collect the filing fee from him for this case. 28 U.S.C. §§ 1914, 1915(b)(2). Therefore, to the extent Plaintiff is seeking to be relieved of the obligation to make

the initial partial payment of $15.76 and any other installment payments, the Court will deny the request.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED:**

(1) Plaintiff's Motion for Service of Process [Doc. 16] is **DENIED** as premature and without prejudice to a renewed motion after the stay of proceedings is lifted in this case;

(2) Plaintiff's Motion to Proceed *in Forma Pauperis* [Doc. 17] is **DENIED** as unnecessary, duplicative, and moot in light of the Court's prior Order granting him leave to proceed *in forma pauperis*;

(3) Plaintiff's Motion for Impeachment of Witness [Doc. 20] is **DENIED** as premature and without prejudice to a renewed motion after the stay of proceedings is lifted in this case; and

(4) the stay of proceedings entered by the Court [Doc. 21] remains in full force and effect until further order of the Court.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**