**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**RODOLFO RODRIGUEZ,**

    **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　　　　　　　**No. 19-cv-0111 MV/SMV**

**AMTRAK, J. PERRY, and C. CHAVEZ,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court sua sponte. On July 2, 2019, the Honorable Stephan M. Vidmar, United States Magistrate Judge, ordered Plaintiff to pay the initial partial filing fee no later than August 1, 2019, or show cause why he could not do so. (Doc. 14 at 1–2). The deadline has passed, and Plaintiff has neither paid the initial partial filing fee nor shown cause why not. Plaintiff has violated Judge Vidmar's Order, and the Court will dismiss his Complaint without prejudice under Rule 41(b) of the Federal Rules of Civil Procedure.

## BACKGROUND

Plaintiff proceeds pro se. He moved to proceed *in forma pauperis* on March 6, 2019. (Doc. 3). Shortly after filing this Motion, he filed numerous other motions, including a Motion to Appoint Counsel (Doc. 4), a Motion for Summary Judgment (Doc. 5), and a Motion to Set a Pretrial Conference (Doc. 8). In the Case Management Order on June 16, 2019, Judge Vidmar denied or reserved ruling on these additional motions, noting that the Court had not yet completed its screening obligations. (Doc. 10).

On July 2, 2019, Judge Vidmar granted Plaintiff's request to proceed *in forma pauperis*, ordering him to make an initial partial payment of $15.76 no later than August 1, 2019. (Doc. 14

at 1–2). Judge Vidmar stated, "If Plaintiff fails to make a payment by the designated deadline or show cause why such payment should be excused, the . . . Complaint may be dismissed without further notice." *Id.* at 1.

Also on July 2, 2019, Plaintiff attempted to appeal to the Tenth Circuit Judge Vidmar's decision to deny or reserve ruling on the motions while it screened this case. (Doc. 12). On July 17, 2019, during the pendency of his appeal, he filed his second Motion to Proceed *in Forma Pauperis* in this Court. (Doc. 17). On July 26, 2019, the Tenth Circuit dismissed his appeal, holding that it lacked jurisdiction over the interlocutory appeal. (Doc. 18 at 1–2). The August 1, 2019 deadline to pay the initial partial payment came and went without receipt of any payment from Plaintiff. Nonetheless, he continued to file substantive motions. *See* (Docs. 20, 22, 23).

Judge Vidmar denied Plaintiff's second Motion to Proceed *in Forma Pauperis* on March 3, 2020. (Doc. 26). Judge Vidmar construed this Motion as a request "to be relieved of the initial partial payment of $15.76." *Id.* at 2. Judge Vidmar explained that though "Plaintiff is excused from *prepaying* the filing fee," *id.*, he must still "make the initial partial payment of $15.76 and any other installment payments." *Id.* at 2–3. Because he had already ordered Plaintiff to make such payments, *see* (Doc. 14), Judge Vidmar denied Plaintiff's second Motion to Proceed *in Forma Pauperis* as unnecessary, duplicative, and moot (Doc. 26 at 2–3). To date, Plaintiff has not paid his initial partial payment, or any part of the filing fee, and the Court has continued to screen the case.

## DISCUSSION

As described above, Judge Vidmar granted Plaintiff leave to proceed *in forma pauperis* and ordered him to pay an initial partial payment of $15.76; to date, and despite being order to do

so and reminded repeatedly of his obligations, Plaintiff has failed to pay his initial partial payment, or show cause why he cannot do so. Accordingly, the Court now will determine the proper sanction, including dismissal pursuant to Rule 41(b), for Plaintiff's failure to comply with the applicable law and court orders.

Though Rule 41(b) does not expressly allow for sua sponte dismissal by the Court, "the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to . . . comply with the rules of civil procedure or [a] court's orders." *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003). "Before choosing dismissal as a just sanction, a court should ordinarily consider a number of factors, including" (1) the degree of prejudice to the defendant, (2) the amount of interference with the judicial process, (3) the litigant's culpability, (4) whether the court has warned the litigant that the court would dismiss the case for violations of the rules or a court order, and (5) the efficacy of lesser sanctions. *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992); *see Mobley v. McCormick*, 40 F.3d 337, 341 (10th Cir. 1994) ("Rule 41(b) involuntary dismissals should be determined by reference to the *Ehrenhaus* criteria.").[1] "These factors do not constitute a rigid test; rather, they represent criteria for the district court to consider prior to imposing dismissal as a sanction." *Ehrenhaus*, 965 F.2d at 921.

As set forth herein, the Court finds that each of the factors other than the first factor weighs in favor of dismissal. As to the first factor, the Court has neither completed its screening

---

[1] Though the Tenth Circuit does not require district courts to discuss the Ehrenhaus factors when dismissing a case without prejudice, to more fully explain its decision, the Court will analyze each factor. *See Arocho v. United States*, 502 F. App'x 730, 732 (10th Cir. 2012).

obligations nor ordered service of any Defendant. Defendants therefore suffered no prejudice from Plaintiff's failure to pay his initial partial payment.

As to the second factor, Plaintiff's interference with the judicial process, the lack of payment from Plaintiff has hindered the Court's ability to move forward with the case. Rather that rectifying this problem, Plaintiff has continued to file numerous substantive motions, forcing the Court to decide those motions before receiving any payment for the filing fee. This inefficient practice has interfered with the Court's ability to process the case in the manner directed by Congress.

As to the third factor, Plaintiff's culpability, Judge Vidmar has explained to Plaintiff on various occasions that he must pay his initial partial payment. The deadline to do so passed on August 1, 2019 – over eight months ago. Despite being ordered to show cause why he could not pay the fee, Plaintiff has failed to do so. Though he proceeds pro se, he must still comply with court orders. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Even after the Court again reminded Plaintiff on March 3, 2020 of the requirement to pay the $15.76, Plaintiff has failed to do so. Plaintiff thus bears a significant amount of culpability for his failure to pay the initial partial payment or show cause why it should be excused.

As to the fourth factor, whether Plaintiff has been warned of the possibility of dismissal, Judge Vidmar has twice warned Plaintiff that failure to comply with a court order would result in dismissal of the case. In the Case Management Order, Judge Vidmar warned Plaintiff that he "must comply with the Federal Rules of Civil Procedure, the Local Rules of this Court, and any order of the Court. Failure to comply with the Rules or Court orders may result in dismissal of this case or other sanctions." (Doc. 10 at 1 (citing Fed. R. Civ. P. 41(b))). Judge Vidmar's July 2,

2019 Order Granting Plaintiff's Application to Proceed *in Forma Pauperis* stated, "If Plaintiff fails to make a payment by the designated deadline or show cause why such payment should be excused, the civil-rights Complaint may be dismissed without further notice." (Doc. 14 at 1). Finally, Judge Vidmar reminded Plaintiff as recently as March 3, 2020, that he must pay the initial partial payment. (Doc. 26 at 2–3). Plaintiff has known that he must pay the initial partial payment and has known that his failure to do so would result in dismissal. He has failed to do so. The fourth factor therefore strongly favors dismissal.

Finally, as to the fifth factor, the efficacy of lesser sanctions, the Court does not believe that lesser sanctions would adequately resolve this issue. Judge Vidmar's repeated warnings have had no effect on Plaintiff's willingness to comply with his obligations. Plaintiff's repeated failure to pay the initial partial payment despite being ordered to do so strongly suggests that he would not pay a fine if ordered by the Court. The fifth factor thus weighs in favor of dismissal.

Balancing the *Ehrenhaus* factors, the Court will dismiss Plaintiff's Complaint. As a general rule, the Court prefers to decide cases on the merits. In this case, however, it nonetheless finds that dismissal is the appropriate sanction here, given Plaintiff's repeated failure to comply with the applicable rules and multiple Court orders.

## CONCLUSION

**IT IS ORDERED** that Plaintiff's Complaint (Doc. 1) is **DISMISSED without prejudice**.

**MARTHA VÁZQUEZ**
**United States District Judge**